The defendant, Mark A. Stacy, appeals from an order denying his motion to withdraw his guilty plea and for a new trial. Because the motion judge did not abuse his discretion and the defendant has not established constitutional error, we affirm.
Background. On March 23, 2015, the defendant pleaded guilty in the District Court to a single-count complaint charging breaking and entering a building in the daytime with the intent to commit a felony therein, G. L. c. 266, § 18. The judge sentenced him to a two-year term of probation. In October, 2015, a judge found the defendant in violation of the terms of probation and committed him to the house of correction for six months.
On February 6, 2017, after having been discharged from his sentence, the defendant filed his motion to withdraw his guilty plea and for new trial. In his motion and a supplemental motion filed shortly thereafter, he claimed that the judge did not inform him of the maximum sentence, that a sentence of probation was unjust given his unsuitability for probation, that counsel was ineffective, and that the factual basis for the plea was inadequate. The same judge who had accepted the guilty plea denied the motion on March 21, 2017.
On appeal, the defendant maintains that his plea was involuntary because he was not told the maximum sentence, and that a sentence of probation was unfair to him. He no longer argues ineffective assistance. His claim of evidentiary insufficiency is now twofold: he argues that his plea was unintelligent because he was not informed that "fingerprints at a crime scene, alone, are insufficient for a conviction," and, for the same reason, that the complaint should have been dismissed for lack of probable cause.
Discussion. "The defendant's postconviction motion to withdraw a guilty plea is treated as a motion for a new trial, is addressed to the sound discretion of the trial judge, and, absent constitutional error, will not be reversed unless it appears that justice may not have been done" (citation omitted). Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 581 (2001).
The defendant is correct, and the Commonwealth concedes, that the plea colloquy did not strictly adhere to Mass. R. Crim. P. 12 (c) (3) (B), as appearing in 442 Mass. 1514 (2004), because the judge did not "inform the defendant on the record, in open court ... where appropriate, of the maximum possible sentence on the charge."[2] When a defendant is sentenced to a term of straight probation, the judge must inform the defendant of the maximum possible sentence he might receive if he violates probation. See Commonwealth v. Murphy, 73 Mass. App. Ct. 57, 65-67 & n.10 (2008) ; Rodriguez, 52 Mass. App. Ct. at 579-580 (advising defendant of maximum sentence "appropriate" when sentencing defendant to straight probation on guilty plea).
This error does not automatically require a new trial. See Murphy, 73 Mass. App. Ct. at 66-67. "We will not assume that the defendant's plea was involuntary and unknowing and say as a matter of law that justice was not done simply because the record reflects noncompliance with rule 12." Rodriguez, 52 Mass. App. Ct. at 580. Rather, "[t]he defendant has the burden of showing any special circumstances relating to his plea that demonstrate that denial of his motion to withdraw his plea would work an injustice." Id. at 581.
The defendant made no such showing. He alleged only that he would not have pleaded guilty if he had been told the possible sentence he would face if he violated probation. The judge was not required to credit this allegation. The defendant stated in his affidavit that he accepted the plea offer because his attorney advised him that he would serve no jail time and would not be put on supervised probation; the sentence he received satisfied these conditions. Furthermore, the defendant had a lengthy criminal record, including two recent prior convictions for breaking and entering in the daytime with the intent to commit a felony: one in Brockton District Court in 2013, for which he received a five-year term of probation, and one in Plymouth District Court in 2012, for which he received the maximum house of correction term of two years.[3] The defendant was familiar enough with the criminal justice system, the charge of breaking and entering, and its consequences in District Court that he surely understood the possible results of his probationary sentence. See Murphy, 73 Mass. App. Ct. at 68.
The remaining claims do not require extended discussion. The defendant's contention that his "incredible plea deal" was an abuse of discretion because the judge should have known that he was not amenable to rehabilitation provides no basis for withdrawing the plea. Nor was the judge required to inform the defendant of the nuances of the law concerning fingerprint evidence. A defendant's plea is intelligent when made with an understanding of the elements of the crime charged and the consequences of the plea. Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 638 (2007). "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." Brady v. United States, 397 U.S. 742, 757 (1970).
Finally, even if the fingerprint evidence would not have been sufficient to convict the defendant of the crime beyond a reasonable doubt after a jury trial, it was sufficient to establish probable cause and survive a motion to dismiss. See Commonwealth v. French, 476 Mass. 1023, 1024-1025 (2017) (fingerprint evidence permitted reasonable inference of guilt, but did not prove guilt beyond a reasonable doubt); Commonwealth v. Morris, 422 Mass. 254, 259 (1996) (same).
Order denying motion to withdraw guilty plea and for new trial affirmed.

The quoted version of the rule was in effect at the time of the defendant's plea. The rule was revised, effective May 11, 2015, to delete the words "where appropriate." See Mass. R. Crim. P. 12 (c) (3) (A) (ii), as appearing in 470 Mass. 1503 (2015).

Although the crime is a felony punishable by a maximum term of ten years in State prison, the District Court has concurrent jurisdiction with the Superior Court, see G. L. c. 218, § 26, with a maximum term of "imprisonment in jail for not more than two years." G. L. c. 266, § 18.